**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
IVELIS SALEM,

                                Plaintiff,                           **REPORT AND**
                                                                        **RECOMMENDATION**

                    - against -                               CV 14-2972 (JFB) (AKT)

COUNTY OF NASSAU and NASSAU
COUNTY PROBATION DEPARTMENT,

                              Defendants.

-------------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

       Plaintiff Ivelis Salem ("Plaintiff") initiated this action against Defendants County of Nassau and the Nassau County Probation Department ("Defendants") on May 9, 2014, alleging violations of her civil rights under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*. DE 1. Plaintiff, an employee of the Nassau County Probation Department, alleges in her Complaint that Defendants discriminated against her on the basis of her race and gender, and retaliated against her for engaging in protected activity in violation of Title VII. *Id*. ¶¶ 25-33. At the time Plaintiff commenced this action, she was represented by the law firm of Windels Marx Lane & Mittendorf LLP ("the Firm").

       The Court held an Initial Conference in this matter on October 31, 2014. *See* DE 29.[1] During the Initial Conference, the Court directed, *inter alia*, that the attorneys for both sides "speak to their clients about the prospect of mediation through the EDNY Court-annexed mediation program or a settlement conference," in light of the fact that Plaintiff was still

---

[1] The Civil Conference Minute Order for the October 31, 2014 conference was inadvertently not posted to ECF until recently.

employed by the Defendants.  *Id.* ¶ 3.  Counsel were directed to advise the Court by November 14, 2014 of their respective positions.  *Id.*

On November 17, 2014, counsel for Defendants filed a letter advising the Court that Defendants were willing to engage in non-binding mediation or a settlement conference in an attempt to resolve this matter.  DE 13.  Plaintiff's counsel filed a letter on November 19, 2014 stating that Plaintiff, too, was interested in pursuing non-binding mediation or a settlement conference.  DE 14.  Accordingly, on November 20, 2014, the Court issued an Order referring this case to the EDNY Court-annexed mediation program pursuant to Local Rule 83.8.  DE 16.  It appears from a review of the docket that the mediation never went forward.

On February 13, 2015, Michael Hunter Resnikoff, Esq. ("Attorney Resnikoff") filed a motion on behalf of the Firm to withdraw as counsel of record for Plaintiff and to stay this action for a period of 60 days to allow Plaintiff to retain replacement counsel.  DE 18.  The Court issued an Order to Show Cause setting this case down for a hearing on March 4, 2015 with regard to the motion by Attorney Resnikoff and the Firm to be relieved as counsel.  DE 21.

For the reasons stated in the record during the March 4, 2015 hearing, at which Plaintiff was present, the Court granted the motion to withdraw, and Attorney Resnikoff and the Firm were relieved as counsel of record for Plaintiff in this case.  DE 27 ¶ 3.  The Court advised Plaintiff that it was staying all proceedings for 45 days in order for her to obtain new counsel.  *Id.* ¶ 4.  The Court set this case down for an in-person conference on April 24, 2015 and further directed that new counsel for Plaintiff must file a Notice of Appearance prior to that date.  *Id.*  If Plaintiff did not retain new counsel by that date, the Court directed her to appear personally at the April 24 conference so that this case could move forward.  *Id.*  The Court sent a copy of

March 4, 2015 Civil Conference Minute Order ("CCMO") to Plaintiff by email at the address she provided and also by first-class mail. *Id.* ¶ 5.

Plaintiff did not appear for the April 24, 2015 conference. *See* DE 28. The Court attempted to contact Plaintiff by telephone and left a voicemail for Plaintiff to call Chambers. *Id.* ¶ 2. However, the Court did not hear from Plaintiff nor did she make any effort to contact the Court to explain why she could not appear or to request an adjournment. *Id.* In order to give Plaintiff a final opportunity to comply with the Orders of this Court, the Court set a conference for May 14, 2015 at 10:30 a.m. *Id.* ¶ 3. The Court noted on the record that if Plaintiff failed to appear at the May 14 conference, the Court would take steps to recommend to Judge Bianco that this case be dismissed based on Plaintiff's failure to comply with the Orders of this Court. *Id.* The Court emailed a copy of April 24, 2015 CCMO to Plaintiff and sent a copy by first-class mail and certified mail, return receipt requested. *Id.* ¶ 4.

When the case was called on May 14, 2015, Plaintiff failed to appear. *See* DE 30. As the Court previously advised Plaintiff, failure to appear at the May 14, 2015 conference would result in the Court's recommendation to Judge Bianco that this action be dismissed in its entirety. *Id.* The Court noted on the record that, in accordance with the its previous directives, the Court would be issuing a Report and Recommendation to Judge Bianco based on Plaintiff's multiple non-appearances and noncompliance with Court Orders. *Id.*

In light of the foregoing circumstances, the Court can only conclude that the Plaintiff has abandoned this litigation. Despite being served with copies of the March 4, 2015 CCMO, Plaintiff failed to appear at the April 24, 2015 conference. Moreover, despite being warned in the April 24, 2015 CCMO that the Court would recommend the dismissal of this action if Plaintiff did not appear at the May 14, 2015 conference, Plaintiff failed to appear at the May 14

conference and has not communicated with the Court in any way. The Court, therefore, is compelled to recommend to Judge Bianco that the Complaint be dismissed for lack of prosecution. *See Loadholt v. Costco Wholesale Corp.*, No. 13 Civ. 567, 2014 WL 4983684, at *1 (E.D.N.Y. Oct. 3, 2014) (adopting report and recommendation that case be dismissed pursuant to Rule 41(b) in light of plaintiff's failure to appear at conferences and a Show Cause Hearing which evidenced Plaintiff's "apparent abandonment of his lawsuit"); *Paul v. Yu*, No. 13 Civ. 8824, 2014 WL 4631896, at *2 (S.D.N.Y. Aug. 21, 2014), *adopted by* 2014 WL 4631896 (S.D.N.Y. Sept. 12, 2014) (recommending dismissal of action pursuant to Rule 4(m) and Rule 41(b) for failing to serve process or communicate with the Court despite being advised twice of his obligation to do so); *Feliciano v. Cnty. of Suffolk*, No. 04 Civ. 5321, 2013 U.S. Dist. LEXIS 183603 (E.D.N.Y. Dec. 16, 2013), *adopted by* 2014 U.S. Dist. LEXIS 4733 (E.D.N.Y., Jan. 14, 2014) (dismissing the plaintiffs' action for failure to prosecute after the issuance of multiple Court Orders advising counsel that failure to proceed would result in dismissal).

For these reasons, the Court respectfully recommends to Judge Bianco that the Plaintiff's case be dismissed based on Plaintiff's failure to comply with this Court's Orders and her apparent abandonment of this action. *See* FED. R. CIV. P. 41(b). Rule 41(b) gives the district court power to dismiss a complaint "for failure to comply with a court order, treating noncompliance as a failure to prosecute." *Simmons v. Abruzzo,* 49 F.3d 83, 87 (2d Cir. 1995). On this basis, I respectfully recommend to Judge Bianco that Plaintiff's Complaint be dismissed.

**Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections.** ***See also*** **FED. R. CIV. P. 6(a) and (e). Such objections shall be filed with the Clerk of the Court via ECF. A courtesy copy of any**

**objections filed is to be sent to the Chambers of the Honorable Joseph F. Bianco, and to the Chambers of the undersigned. Any requests for an extension of time for filing objections must be directed to Judge Bianco prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections will result in a waiver of those objections for purposes of appeal.** *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997), *cert. denied*, 522 U.S. 883 (1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

**Defendants' counsel is directed to serve a copy of this Order upon the *Pro Se* Plaintiff forthwith and to file proof of service on ECF**.

**SO ORDERED.**

Dated: Central Islip, New York
July 7, 2015

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge