UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
IVELIS SALEM,

          Plaintiff,

  -against-

COUNTY OF NASSAU and NASSAU
COUNTY PROBATION DEPARTMENT,

          Defendants.
------------------------------------------------------X

ORDER
14-CV-2972 (JFB)(AKT)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUL 30 2015 ★

LONG ISLAND OFFICE

JOSEPH F. BIANCO, District Judge:

*Pro se* plaintiff Ivelis Salem ("plaintiff") filed this action on May 9, 2014, alleging violations of her civil rights under Title VII of the Civil Rights Act of 1964. At the time she commenced this action, plaintiff was represented by counsel. On February 13, 2015, plaintiff's counsel filed a motion to withdraw as counsel of record, and to stay the action for 60 days to allow plaintiff to retain replacement counsel. Magistrate Judge A. Kathleen Tomlinson issued an Order to Show Cause, setting the case for a hearing on March 4, 2015 with regard to the motion to withdraw. At that hearing, Magistrate Judge Tomlinson granted the motion to withdraw, and advised plaintiff that the proceedings would be stayed for 45 days to allow her to retain new counsel. (*See* ECF No. 27.) Magistrate Judge Tomlinson scheduled an in-person conference for April 24, 2015, and direct plaintiff to have her new counsel file a notice of appearance prior to that date; if plaintiff had not yet retained counsel, Magistrate Judge Tomlinson directed plaintiff to appear personally at the conference. (*Id.*) Copies of the minute order from the March 4, 2015 hearing were sent to plaintiff via first-class mail and email. (*Id.*)

Plaintiff failed to appear for the April 24, 2015 conference, and did not respond to telephone messages left to her by Magistrate Judge Tomlinson's chambers staff. (*See* ECF No. 28.) On the record, Magistrate Judge Tomlinson set another conference for May 14, 2015, and directed that if

plaintiff did not appear at that conference, Magistrate Judge Tomlinson would take steps to recommend to the Court that the case be dismissed for plaintiff's failure to comply. (*Id.*) Copies of the April 24, 2015 minute order were also sent to plaintiff via first-class mail and email to notify of her obligation to appear. (*Id.*)

Plaintiff also failed to appear for the May 14, 2015 conference. Pursuant to her warning to plaintiff that failure to appear would result in a recommendation to the Court that the action be dismissed in its entirety, Magistrate Judge Tomlinson issued a Report & Recommendation ("R&R") on July 7, 2015, recommending the dismissal of the case with prejudice for plaintiff's failure to prosecute due to her lack of compliance with court orders. (ECF No. 31.) The parties were allowed fourteen days to file written objections; no objections were filed.

Rule 41(b) authorizes a district court to "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962)); *see Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) ("[D]ismissal [pursuant to Rule 41(b)] is a harsh remedy and is appropriate only in extreme situations."); *Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004) ("Rule [41(b)] is intended to serve as a rarely employed, but useful, tool of judicial administration available to district courts in managing their specific cases and general caseload."). Moreover, it is well-settled that a district court "may act *sua sponte* to dismiss a suit for failure to prosecute." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (citing *Link*, 370 U.S. at 630); *see also Le Sane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) ("Although the text of Fed. R. Civ. P. 41(b) expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute.").

Courts have repeatedly found that "[d]ismissal of an action is warranted when a litigant, whether represented or instead proceeding *pro se*, fails to comply with legitimate court directives." *Yulle v. Barkley*, No. 9:05-CV-0802, 2007 WL 2156644, at *2 (N.D.N.Y. July 25, 2007) (citations omitted). A district court contemplating dismissal of a plaintiff's claim for failure to prosecute and/or to comply with a court order pursuant to Rule 41(b) must consider:

> 1) the duration of plaintiff's failures or non-compliance; 2) whether plaintiff had notice that such conduct would result in dismissal; 3) whether prejudice to the defendant is likely to result; 4) whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and 5) whether the court adequately considered the efficacy of a sanction less draconian than dismissal.

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000). In deciding whether dismissal is appropriate, "[g]enerally, no one factor is dispositive." *Nita v. Conn. Dep't of Env. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994); *see Peart v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993) ("'[D]ismissal for want of prosecution is a matter committed to the discretion of the trial judge [and] the judge's undoubtedly wide latitude is conditioned by certain minimal requirements.'") (quoting *Merker v. Rice*, 649 F.2d 171, 173-74 (2d Cir. 1981)). Further, "[w]hen a party changes addresses, it is his or her obligation to notify the Court of the new address." *Garcia v. Hynes*, No. 08 Civ. 2155, 2009 WL 890640, at *1 (E.D.N.Y. Mar. 31, 2009) (citing *Concepcion v. Ross*, No. 92 Civ. 770, 1997 WL 777943, at *1 (E.D.N.Y. Oct. 28, 1997)) (citing Local Civil Rule 1.3(d) and holding "[t]he responsibility for keeping the court informed of changes of address rests with the petitioner.").

Here, plaintiff has failed to communicate with the Court since the March 4, 2015 conference, and has twice failed to comply with Magistrate Judge Tomlinson's orders to appear at status conferences to advance the case. Plaintiff was notified in the April 24, 2015 minute order that a

3

failure to appear at the May 14, 2015 conference would result in a recommendation that the case be dismissed. Furthermore, plaintiff has not filed an objection to Magistrate Judge Tomlinson's R&R recommending dismissal of this case. Under these circumstances, no sanction less than dismissal will alleviate the prejudice to defendants of continuing to keep this action open. Moreover, the Court needs to avoid calendar congestion and ensure an orderly and expeditious disposition of cases. Therefore, all the above-referenced factors favor dismissal of the instant case with prejudice.

Accordingly, the above-referenced factors favor dismissal of the instant case with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Clerk of the Court shall close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

S/ Joseph F. Bianco

Joseph F. Bianco
United States District Judge

Dated: July 30, 2015
Central Islip, New York

4